UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TONEY ALLEN PILKINGTON,
ADC #113462                                                                    PLAINTIFF

V.                              4:16CV00198 JTR

TONYA PARKER, Sergeant,
Saline County Jail, et al.                                                  DEFENDANTS

### MEMORANDUM AND ORDER[1]

## I. Introduction

Plaintiff, Toney Allen Pilkington ("Pilkington"), is a prisoner in the Arkansas Department of Correction. He has filed this *pro se* § 1983 action alleging that, while he was a prisoner in the Saline County Detention Center ("SCDC"), Defendants Sheriff Rodney Wright ("Wright"), Sergeant Tonya Parker ("Parker"), Corporal Eric Cole ("Cole"), Sergeant Christie Fullerton ("Fullerton"), and Nurse Doe ("Doe") failed to provide him with constitutionally adequate medical care for a broken finger. *Docs. 2 & 6.*

Defendants have filed a Motion for Summary Judgment, a Statement of

---

[1] On August 9, 2016, the parties consented to proceed before a United States Magistrate Judge. *Doc. 32.*

-1-

Undisputed Facts, and a Brief arguing that this case should be dismissed, without prejudice, because Pilkington failed to exhaust his administrative remedies. *Docs. 21, 22, & 23.* Pilkington has filed a one-page Response. *Doc. 31.* For the following reasons, Defendants' Motion for Summary Judgment is granted.[2]

## II. Discussion

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81-89-91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their

---

[2] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

The SCDC has a two step exhaustion procedure. *See Doc. 22, Ex. 8.* First, a prisoner must submit an "inmate request" through the computerized "kiosk system." *Id., Ex. 8* at 7. If the prisoner is dissatisfied with the jail's response, he must then file an "official written grievance." *Id.* It is undisputed that all SCDC prisoners receive a written handbook explaining that grievance policy. *Id., Ex. 8* at 2.

On February 23, 2016, Pilkington injured his left index finger during an altercation with two other SCDC prisoners. *Id., Ex. 4.* On February 25, 2016, Pilkington used the kiosk system to submit an informal request that said:

> I am putting in this because the inmate handbook states that I have to do this first before I file a grievance then a lawsuit on medical and jail

-3-

staff due to the neglect of medical attention on my behalf. My family has been contacted and they are contacting our lawyer. I am in pain and need to go to the doctor. That's all. I really don't want to go through with this. It's too much trouble. I just want to see a doctor. Thanks for your time. Can I go to population? We did not fight. Thank you.

*Doc. 22, Ex. 9 at 1* (internal typographical errors corrected). On February 29, 2016, Parker responded to that informal request by stating that she would speak with Pilkington later that day. *Id.* Pilkington did *not* file a written grievance renewing his inadequate medical care claim.

Instead, on March 6, 2016, Pilkington used the kiosk system to submit a second informal request that said:

> Ms. Parker, just wanted to let you know that since you took me to get my hand wrapped, it is doing a whole lot better. So once again, thanks for your time.

*Id. at 2* (internal typographical errors corrected). On March 9, 2016, Pilkington was transferred from the SCDC to the ADC. *Doc. 22, Ex. 1*.

Here, it is clear from Pilkington's February 25, 2016 informal request that he knew he had to complete both an informal request *and* a written grievance prior to filing a lawsuit challenging the medical care he received at the SCDC. Nevertheless, Pilkington did *not* file a written grievance raising his inadequate care claim -- as he was clearly required to do by the SCDC's grievance policy. Instead, Pilkington reported, in his March 6, 2016 informal request, that he "was doing a whole lot

-4-

better."

Because Pilkington failed to fully exhaust his administrative remedies at the SCDC in regard to his claim that Defendants failed to provide him with constitutionally adequate medical care for his injured index finger, that claim must be dismissed, without prejudice.  *See Jones,* 549 U.S. at 211 (emphasizing that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

### III. Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment *(Doc. 21)* is GRANTED, and Pilkington's inadequate medical care claims against Defendants are DISMISSED, WITHOUT PREJUDICE.

Dated this 13th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE